UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZONELL WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 15-868 |
| MARK MORAD, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff Zonell Washington moves the Court to enter a default judgment against defendants Mark Morad, et al.[1]  For the following reasons, the Court GRANTS plaintiff's motion.

## I.     BACKGROUND

On March 19, 2015, plaintiff brought this *qui tam* False Claims Act civil action against defendants Mark Morad, Paige Okpalobi, Barbara Smith, Joe Ann Murthil, Latausha Dannel, Roy Berkowitz, Divini Luccioni, Christopher White, Beverly Breaux, Medical Specialists of New Orleans, Interlink Health Care Services, Memorial Home Health, Inc., Lakeland Health Care Services, Lexmark Health Care, LLC, and Med Rite Pharmacy, Inc., d/b/a Medrite DME, Inc.[2]  The complaint alleges that the defendants defrauded the United

---

[1]     R. Doc. 41.
[2]     R. Doc. 1.

States by submitting false claims for Medicare reimbursement. The action seeks a judgment in an amount equal to three times the damages sustained by the United States as a result of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the False Claims Act, 31 U.S.C. § 3729.

Defendants Interlink Health Care Services, Mark Morad, Lakeland Health Care Services, Lexmark Health Care, Medrite DME, Memorial Home Health, Paige Okpalobi, and Roy Berkowitz were served with a summons on January 29, 2016.[3]   Defendants Beverly Breaux, Joe Ann Murthil, and Latausha Dannel were served with a summons on February 1, 2016.[4] Defendants Divini Luccioni and Christopher White were served with a summons on May 24, 2016, and Defendant Medical Specialists of New Orleans was served with a summons on May, 27, 2016.[5]   No defendant filed any response to the summons and complaint, nor did any defendant request additional time to respond.[6]

Plaintiff sought an entry of default as to Defendants Beverly Breaux, Interlink Health Care, Mark Morad, Lakeland Health Care Services, Lexmark

---

[3]   R. Doc. 41-1 at 1-3.
[4]   *Id.*
[5]   *Id.*
[6]   *Id.* at 3.

Health Care, Medrite DME, Memorial Home Health, Paige Okpalobi, Roy Berkowitz, Joe Ann Murthil, and Latausha Dannel on May 5, 2016,[7] and the clerk entered default against those defendants on the same day.[8]  On June 20, 2016, plaintiff sought an entry of default as to the remaining defendants,[9] and the clerk entered default against those defendants on the following day.[10]

On September 20, 2016, the Court ordered that plaintiff show good cause within 20 days why the defendants should not be dismissed for failure to prosecute.[11]  In response, plaintiff filed this motion for default judgment as to all defendants.  Plaintiff seeks a hearing to determine the amount of damages pursuant to Federal Rule of Civil Procedure 55(b)(2), as well as the maximum amount allowed pursuant to section 3730(d) of the False Claims Act.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P.

---

[7]      R. Doc. 26.
[8]      R. Doc. 27.
[9]      R. Doc. 36.
[10]      R. Doc. 37.
[11]      R. Doc. 39.

3

55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "supported by well-pleaded allegations and . . . ha[s] a sufficient basis in the pleadings." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490,

498 (5th Cir. 2015) (internal quotation marks omitted) (citing *Houston Nat. Bank*, 515 F.2d at 1206).

 If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1).  In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  No party is entitled to a default judgment as a matter of right.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III.  DISCUSSION

### A.    Jurisdiction

Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)) (quotation marks removed).  Judgment entered in the absence of jurisdiction

is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain.

Here, the Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331 and 31 U.S.C. § 3732.   The Court also has personal jurisdiction over all of the defendants, as the record indicates that all of the individual and corporate defendants are domiciled in the Eastern District of Louisiana.[12]   Accordingly, the Court finds that it has jurisdiction over both the subject matter and the parties.

### B.    Entry of Default Judgment

The record shows that all defendants were served with process, but have failed to plead or otherwise defend against plaintiff's claims.   Indeed, the defendants have made no appearance at all.   Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that the defendants' failure to appear has made it impossible to achieve a "just, speedy, and inexpensive disposition" of this case on the merits.   *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for defendants' failure to appear.   Accordingly, the plaintiff's well-plead factual allegations are deemed admitted.   *See Houston Nat. Bank*, 515

---

[12]    R. Doc. 1 at 4.

F.2d at 1206.  If these factual allegations establish a prima facie False Claims Act claim, then the Court will enter a default judgment against the defendants.

Plaintiff alleges that defendants violated section 3729(a)(1)(A), (B), and (C) of the False Claims Act.  Section 3729(a)(1)(A) establishes liability for anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval" to any agent of the United States Government.  31 U.S.C. § 3729(a)(1)(A).  Section 3279(a)(1)(B) establishes liability for anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."  *Id.* § 3729(a)(1)(B).  Section 3279(a)(1)(C) establishes liability for anyone who "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)."  *Id.* § 3729(a)(1)(C).

To establish a violation of section 3729(a)(1)(A), plaintiff must show (1) the defendants submitted a claim to the government, (2) the claim was false, and (3) the defendant knew the claim was false.  *United States v. Southland Mgmt. Corp.,* 288 F.3d 665, 674-75 (5th Cir. 2002), *aff'd en banc*, 326 F.3d 669 (5th Cir. 2003). The Fifth Circuit has also required that the false statement be material to the government's decision to pay in that the statements must "have the potential to influence the government's

decisions." *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 470 (5th Cir. 2009).

To establish a violation of section 3729(a)(1)(B), plaintiff must show that (1) the defendants made a record or statement and used the statement to get the government to pay a claim, (2) the record was false, and (3) the defendants knew the record was false. *Southland Mgmt. Corp.*, 288 F.3d at 675. As to section 3729(a)(1)(C), the plaintiff must establish "(1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by the Government and (2) at least one act performed in furtherance of that agreement." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (quotation omitted).

Here, plaintiff specifically alleges that defendants submitted claims for payment based on home-health visits and medical services that were not provided.[13] Plaintiff alleges defendants knew these claims were false.[14] Plaintiff also alleges that defendants created false records certifying that certain beneficiaries were homebound despite defendants knowing they were not homebound.[15]  Finally, plaintiff alleges the defendants had an agreement to defraud the government and took multiple acts in furtherance

---

[13]   R. Doc. 1 at 15 ¶ 56.
[14]   *Id.* at 16 ¶ 57.
[15]   *See, e.g.*, *Id.* at 13 ¶ 46.

8

of the agreement.[16] As plaintiff's well-pleaded factual allegations are deemed true, the Court finds that plaintiff has established prima facie claims for violations of the False Claims Act, sections 3729(a)(1)(A), (B), and (C). Therefore, the Court will enter a default judgment against defendants.

### C.   Amount of Damages

Plaintiff requests a hearing to determine the amount of damages. Though a default judgment conclusively establishes the defendants' liability, it does not establish the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). As a general rule, in the context of a default judgment, unliquidated damages are not awarded without a hearing unless the damages claimed are capable of mathematical calculation. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (citation omitted).

Because the Court cannot compute with certainty the damages by reference to the pleadings and supporting documents currently in the record, the Court orders plaintiff to submit summary judgment-type evidence establishing the amount of damages.

---

[16]      *Id.* at 17 ¶ 64; *see generally* R. Doc. 1.

## IV.   CONCLUSION

For the foregoing reasons, the plaintiff's motion for default judgment is GRANTED.  Judgment is entered against defendants.  The Court ORDERS that plaintiff shall submit summary judgment-type evidence establishing the amount of damages within twenty-one (21) days of entry of this order.

New Orleans, Louisiana, this  12th   day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

10